Matter of Nolan v Rockland County Bd. of Elections (2022 NY Slip Op 03194)





Matter of Nolan v Rockland County Bd. of Elections


2022 NY Slip Op 03194


Decided on May 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2022-03400
 (Index No. 267/22)

[*1]In the Matter of Kevin Nolan, etc., et al., appellants,
v
Rockland County Board of Elections, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating the petitioners as candidates in a primary election to be held on June 28, 2022, for the party position of Member of the Rockland County Republican Committee for the Stony Point Election District #6, the petitioners appeal from a final order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), entered May 6, 2022. The final order, in effect, dismissed the proceeding for lack of jurisdiction.
ORDERED that the final order is affirmed, without costs or disbursements.
By verified petition and order to show cause filed on April 14, 2022, the petitioners commenced this proceeding, inter alia, to validate a petition designating them as candidates in a primary election to be held on June 28, 2022, for the party position of Member of the Rockland County Republican Committee for the Stony Point Election District #6. With respect to the Rockland County Board of Elections (hereinafter the Board), the Supreme Court directed that personal service of the order to show cause and verified petition be made "by way of the ROCKLAND COUNTY CLERK and the Office of the ROCKLAND COUNTY ATTORNEY, . . . on or before 5:00 p.m. on April 15, 2022." In a final order entered May 6, 2022, the court, in effect, dismissed the proceeding for lack of jurisdiction because the petitioners failed to serve the Rockland County Clerk or the Office of the Rockland County Attorney. The petitioners appeal.
"In a proceeding pursuant to Election Law § 16-102, [t]he method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (Matter of Jean-Louis v Laurent, 172 AD3d 1454, 1455 [internal quotation marks omitted]). Here, contrary to the petitioners' contention, the provision in the order to show cause to effect service on the Board "by way of" the County Clerk and the County Attorney unambiguously required the petitioners to serve the County Clerk and the County Attorney. As the petitioners did not comply with this provision, the Supreme Court lacked jurisdiction to entertain the proceeding (see id. at 1455; Matter of Kiernan v New York State Bd. of Elections, 95 AD3d 1242, 1243).
The parties' remaining contentions are without merit.
BARROS, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court